IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA DEMETRIUS BAIRFIELD,<br><br>    Petitioner,<br><br>  v.<br><br>SOLANO COUNTY JAIL,<br><br>    Respondent. | No. C 14-00050 SBA (PR)<br><br>**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.  BACKGROUND

This case was commenced when Petitioner, who is in custody at the Solano County Justice Center Detention Facility ("Solano County Jail"), filed a document captioned "Petition For Writ of Habeas Corpus." Dkt. 1. Petitioner also filed an application to proceed in forma pauperis ("IFP").

On January 30, 2014, the Court dismissed his petition with leave to amend and granted his IFP application. The Court gave Petitioner an "opportunity to file a proper federal habeas petition no later than **twenty-eight (28) days** of the date of this Order." Dkt. 6.

On February 3, 2014, Petitioner filed a document captioned, "Government Tort Claim Form." Dkt. 7. On the form, Petitioner alleges that Solano County Jail officials "deliberately refuse[d] to give [him his] day for day as written and they refuse[d] to give [him] the priority enrollment in any programs to promote successful return to [the] community . . . ." Dkt. 7 at 3. Petitioner claims that as a result, these jail officials have caused him "pain and suffering." Id. He seeks monetary relief in the sum of five million dollars. Id. at 2.

On February 10, 2014, Petitioner filed his "Amended Petition" on the Court's habeas corpus petition form. Dkt. 8. Attached to his Amended Petition is the same aforementioned

form captioned, "Government Tort Claim Form." Id. at 8-9. In his Amended Petition, Petitioner claims that Solano County Jail officials are not: (1) "giving [him] [his] day for day halftime according to [the] Realignment Law"; and (2) "giv[ing] him priority custody enrollment in programs." Id. at 6.

## II. DISCUSSION

It is unclear from Petitioner's filings whether he is challenging his sentence or the conditions of his confinement. The Amended Petition appears to claim that Petitioner's constitutional rights were violated by jail officials who allegedly refused to enroll him in certain programs. Though Petitioner names Sheriff Thomas A. Ferrara and the "Solano County Jail Custody Division" as "respondents," he does not specify how these parties were involved, if at all, in causing the alleged violation. Id. at 1. Accordingly, the Court will dismiss the Amended Petition with leave to amend and allow Petitioner an opportunity to file either a proper 28 U.S.C. § 2254 petition on the enclosed habeas form or a proper 42 U.S.C. § 1983 complaint on the enclosed civil rights form.

### A. Habeas Petition

If Petitioner chooses to file a 28 U.S.C. § 2254 habeas petition, he must clearly state his grounds for relief and whether he is challenging his criminal conviction or the execution of his sentence. He must also set out how he has exhausted his claims; that is, the specific actions he undertook to present his claims to the highest state court available (i.e., the Supreme Court of California).

### B. Civil Rights Complaint

#### 1. Identifying Defendants

Should Petitioner instead choose to file a 42 U.S.C. § 1983 civil rights complaint, he must name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Liability under § 1983 arises only upon a showing of personal participation by the defendant. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under § 1983, i.e., no liability under the theory that a supervisor is responsible for the actions or omissions of his or her

2

subordinate. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

### 2. Exhaustion of Remedies

Before filing a civil rights complaint, Petitioner must ensure that he has exhausted all of his administrative remedies. The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94 (2006). The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to "appeal and have resolved grievances" alleging misconduct by jail staff.

### 3. Filing Fee

The filing fee for a civil rights action is $400.00. Because Petitioner originally filed this case as a habeas corpus action with a $5.00 filing fee, his IFP application was granted when the Court initially dismissed his petition with leave to amend. Dkt. 6. Should Petitioner choose to pursue this action as a civil rights case, then the Court will revoke its January 30, 2014 Order granting Petitioner's IFP application and deny said application without prejudice to (1) paying the full $400.00 filing fee, or (2) filing another IFP application because Petitioner is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing. (The filing fee will then only be $350.00 because the $50.00 administrative fee is waived for prisoners who are granted IFP status.)

In support of his IFP application, Petitioner must submit: (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined. See 28 U.S.C. § 1915(a)(1), (2). Under the IFP statute, if the district court determines that the prisoner is unable to pay the full filing fee at the time of filing, the prisoner will be granted leave to proceed IFP. This means that the filing fee must be paid by way of an installment plan, according to which the court first will assess and collect a partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account until the full $350.00 filing fee is paid. Id. § 1915(b)(1). The agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account exceeds ten dollars. See id. Accordingly, before this action may proceed as a civil rights action, Petitioner must pay the full filing fee, or file another application for leave to proceed IFP with the aforementioned supporting documents, no later than **twenty-eight (28) days** from the date of this Order, as directed below.

### III. CONCLUSION

For the reasons outlined above, the Court orders as follows:

4

1.     The Amended Petition is DISMISSED with leave to amend within **twenty-eight (28) days** from the filing date of this Order.  Petitioner shall file either a civil rights complaint on the enclosed complaint form or a Second Amended Petition on the enclosed habeas form, as set forth below.  **Failure to do so within the twenty-eight (28) day deadline shall result in dismissal of this action without prejudice.**

2.     Petitioner must write the case number for this action -- Case No. C 14-0050 SBA (PR) -- on the form and complete all sections of the form.  Petitioner shall take care to write clearly and legibly, so that the Court can read what he writes.

If Petitioner chooses to file a Second Amended Petition, it must include the words "SECOND AMENDED PETITION" on the first page.  The Second Amended Petition shall be on the Court's form for habeas petitions, a copy of which is enclosed with Petitioner's copy of this Order.

If Petitioner chooses to file a civil rights action, he must complete the Court's civil rights complaint form, a copy of which is enclosed with his copy of this Order.  Furthermore, Petitioner must pay the requisite $350.00 filing fee in this action no later than **twenty-eight (28) days** from the date of this Order.  He shall include with his payment a clear indication that it is for the above-referenced case number, Case No. C 14-0050 SBA (PR).  In the event that Petitioner is unable to pay the filing fee, he shall submit an IFP application, trust account statement and certificate of funds no later than **twenty-eight (28) days** from the date of this Order.  **Failure to pay the filing fee or file the requisite documents (along with his completed civil rights complaint form) within the twenty-eight-day deadline shall result in dismissal of this action without prejudice.**

3.     It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address and must comply with the Court's Orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of the Court shall send Petitioner a blank civil rights complaint form, a blank habeas corpus petition form, and a blank prisoner IFP application form along with his copy of this Order.

IT IS SO ORDERED.

DATED: 6/13/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge